IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANUEL NEVARREZ,

    Plaintiff,

v.

ALPINE TRANSPORTATION INSURANCE
RISK RETENTION GROUP, INC.,

    Defendant.

Case No. 25-CV-1218-JWB-TJJ

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Alpine Transportation Insurance Risk Retention Group, Inc.'s Motion to Stay Proceedings Pending Final Resolution of Related State Court Action, or in the Alternative to Allow Additional Time to File Responsive Pleading (ECF No. 6). Defendant requests an order staying all proceedings in this action until resolution of a pending motion to set aside a default judgment in a related state negligence action styled *Manuel Nevarrez v. Blue Nile Enterprises, LLC*, Case No. MN-2024-CV-4 (Marion County, Kansas). For the reasons stated below, the Court grants Defendant's motion.

    **I.**    **Background**

Plaintiff Mauel Nevarrez filed his Complaint on October 3, 2025 (ECF No. 1). Plaintiff seeks a declaratory judgment against Defendant Alpine Transportation Insurance Risk Retention Group, Inc., in the amount of $1,000,000.00. Plaintiff alleges an employee of non-party Blue Nile acted negligently in the course and scope of his employment and collided with a vehicle operated by Plaintiff. Plaintiff filed suit against Blue Nile in the District Court of Marion County, Kansas, in an action styled *Manuel Nevarrez v. Blue Nile Enterprises, LLC*, Case No. MN-2024-CV-4

(Marion County, Kansas) ("state court action"), and received a judgment against Blue Nile after it failed to answer or otherwise respond to the state court petition. On October 2, 2024, the Marion County District Court entered a judgment in favor of Plaintiff and against Blue Nile in the amount of $1,000,000.00. The judgment was not appealed, and the time to do so has expired. Blue Nile has since ceased operations.

In this action, Plaintiff alleges Defendant is Blue Nile's insurer, and the insurance policy issued to Blue Nile included an MCS-90 endorsement, in which Defendant agreed "to pay . . . any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements . . . ."[1] Plaintiff alleges pursuant to the express terms of the MCS-90 endorsement, Plaintiff, as the judgment creditor in the state court action against Blue Nile, may now maintain this direct action against Defendant to compel payment of the judgment obtained in the state court.

Counsel for Defendant entered their appearance in this action on November 24, 2025, and filed the present Motion to Stay. In the motion, Defendant alleges it was not properly served in the state court action, and a motion to vacate the default judgment against Blue Nile has since been filed. Upon review of the publicly accessible docket in the state court action, Blue Nile filed its motion to vacate the default judgment on November 24, 2025, and the issue became fully briefed and ripe for ruling by the state court on December 10, 2025.

In light of the motion to vacate the default judgment against Blue Nile, which is the basis for Plaintiff's claims in this matter, Defendant asks the Court to use its inherent authority to control

---

[1] Pl. Compl., ECF No. 1, at 4 (omissions in original).

the docket and stay discovery and pretrial proceeding pending the resolution of this issue in the state court action.² Alternatively, Defendant seeks an extension of time to answer or otherwise respond to the Complaint. Plaintiff, largely arguing the merits of the motion to vacate the default judgment in the state court action, opposes a stay in this matter.

**II.    Legal Standards**

The Court has the power to stay proceedings pending before it as part of its inherent power to control its docket.³ The Court should use this power in its discretion to provide "economy of time and effort for itself, for counsel, and for litigants."⁴ In exercising this discretion, the court "must weigh competing interests and maintain an even balance."⁵ A court may stay discovery and pretrial proceedings on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."⁶ The Tenth Circuit, however, has stated "[t]he right to proceed in court should not be denied except under the most extreme circumstances."⁷ In the District of Kansas, courts have examined five factors when weighing the parties' competing interests to determine whether a stay is appropriate: "(1) plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to plaintiffs of a delay; (2) the

---

² In its Motion, Defendant also asks the Court to stay this matter on the basis the Court must abstain from interfering in the state court action under the doctrine of *Younger* abstention. In its reply brief, Defendant abandons this argument, and the Court therefore does not take it up here.

³ *Landis v. N. Am. Co.*, 299 U.S. 248, 254.

⁴ *Id.*

⁵ *Id.* at 255.

⁶ *See* Fed. R. Civ. P. 26(c). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chi. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).

⁷ *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)

burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest."[8]

### III. Analysis

Defendant argues a stay is warranted in the interest of efficiency and judicial economy because the state court is actively adjudicating the threshold issues of liability, comparative fault, and damages. Defendant contends allowing both this action and the state court action to proceed would force the Court and the parties to expend resources litigating claims that may be rendered moot or fundamentally altered by the state court's ruling on the motion to vacate the default judgment. This Court agrees resolution of the issues raised in the state court would significantly advance the course of this litigation.[9] Given that this Court cannot know whether the default judgment—which Plaintiff is attempting to enforce in this action—will be vacated by the state court until the motion in state court is resolved, the Court finds it is appropriate to stay the proceedings pending the ruling on the motion to vacate.

Additionally, Plaintiff has not shown he will suffer any demonstrable prejudice by the delay that might be caused by staying this matter in its very early stages of litigation. Plaintiff's response to the motion largely argues a stay is unwarranted because the motion to vacate is futile and unlikely to succeed in the state court. However, the motion to vacate must be ruled upon and decided by the state court. Even if Blue Nile does not prevail in its attempt to vacate the state court

---

[8] *Kramer v. Textron Aviation, Inc*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3 (D. Kan. Oct. 21, 2021).

[9] *See Kittel v. First Union Mortg. Corp.*, 303 F.3d 1193 (10th Cir. 2002) (finding stay of appeal appropriate when there is a pending motion to vacate default judgment in related state court action).

judgment, resolution of the issue by the state court could clarify the appropriate parameters for future discovery and motion practice in this case.

Further, this matter was filed a mere two-months ago and Plaintiff waited over a year to bring this action after the default judgment was obtained in the state court action. The motion to vacate in state court is already fully briefed and ripe for ruling. The Court also disagrees with Plaintiff's contention that Defendant "is not asking merely for a stay of resolution of a dispositive motion, or for the Court to hesitate before entering a judgment against it. Instead, it is asking for the Court to allow it not to answer or participate in any way."[10] The Court does not find Defendant is making an unbounded request to stay this action or its obligation to answer indefinitely, but rather only until the threshold issues raised in the state court action are resolved.

Therefore, the Court finds a stay of discovery and pretrial proceedings is appropriate in this matter pending the resolution of the motion to vacate default judgment in the state court action. The parties are to file a joint status report regarding the status of the state court action within fourteen (14) days of the state court ruling on the motion to vacate, but in no event later than February 16, 2026.

**IT IS THEREFORE ORDERED** that Defendant Alpine Transportation Insurance Risk Retention Group, Inc.'s Motion to Stay Proceedings Pending Final Resolution of Related State Court Action (ECF No. 6) is GRANTED.

**IT IS FURTHER ORDERED** that the parties must file a joint status report within fourteen (14) days of the state court ruling on the motion to vacate, but in no event later than **February 16, 2026**.

---

[10] Pl.'s Memorandum in Opposition to Defendant's Mot. to Stay, ECF No. 7, p. 5.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Exhibits Conventionally (ECF No. 8) is DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated December 22, 2025, in Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge