IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANUEL NEVARREZ,

Plaintiff,

v.

ALPINE TRANSPORTATION INSURANCE RISK RETENTION GROUP, INC.,

Defendant.

Case No. 25-CV-1218-JWB-JBW

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Lift Stay and for Deadline to Respond to Complaint (Dkt. 19). Plaintiff requests the Court vacate the stay of this action, arguing the state court has resolved the threshold issues raised in the state court motion to vacate, and the condition justifying the stay no longer exists. Defendant argues a stay continues to be appropriate in light of its appeal of the state court decision. For the reasons stated below, the Court denies Plaintiff's motion and continues the stay.

## I. Background

Plaintiff Manuel Nevarrez ("Plaintiff") filed his Complaint on October 3, 2025 (Dkt. 1). Plaintiff seeks a declaratory judgment against Defendant Alpine Transportation Insurance Risk Retention Group, Inc., ("Defendant") in the amount of $1,000,000.00. Plaintiff alleges an employee of non-party Blue Nile acted negligently in the course and scope of his employment and collided with a vehicle operated by Plaintiff. Plaintiff filed suit against Blue Nile in the District Court of Marion County, Kansas, in an action styled *Manuel Nevarrez v. Blue Nile Enterprises, LLC*, Case No. MN-2024-CV-4 (Marion County, Kansas) ("state court action") and received a

judgment against Blue Nile after it failed to answer or otherwise respond to the state court petition. On October 2, 2024, the Marion County District Court entered a judgment in favor of Plaintiff and against Blue Nile in the amount of $1,000,000.00. Plaintiff alleges pursuant to the express terms of the MCS-90 endorsement, Plaintiff, as the judgment creditor in the state court action against Blue Nile, may now maintain this direct action against Defendant to compel payment of the judgment obtained in the state court action.

Blue Nile filed a petition to vacate the underlying default judgment in the state court action on November 24, 2025. The Court stayed this action pending the final resolution of the state court motion.[1] On April 2, 2026, the state court denied Blue Nile's motion to vacate the underlying default judgment and affirmed the entry of default judgment against Blue Nile. Blue Nile timely appealed the state court's decision, and the Kansas Court of Appeals docketed the appeal as Case No. 130501. The Kansas Court of Appeals has since denied Plaintiff's motion to dismiss the appeal. On July 23, 2026, Blue Nile filed its appellate brief. Plaintiff was recently granted a 30-day extension to file his response brief, which is now due on September 23, 2026.

Plaintiff now asks the Court to lift the stay and set a deadline for Defendant to file an answer or otherwise respond to the Complaint. Plaintiff argues the stay must be lifted because the resolution of Blue Nile's motion to vacate in the state court action ends the need for a stay, and the noticed appeal does not change the validity of the final judgment in the state court action. Defendant opposes lifting the stay, arguing the appeal may vacate the very judgment Plaintiff seeks to enforce in this action, and the considerations that warranted the stay remain present.

---

[1] Memorandum and Order, Dkt. 10.

## II. Legal Standards

The Court has the power to stay proceedings pending before it as part of its inherent power to control its docket.[2] The Court should use this power in its discretion to provide "economy of time and effort for itself, for counsel, and for litigants."[3] In exercising this discretion, the court "must weigh competing interests and maintain an even balance."[4] A court may stay discovery and pretrial proceedings on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[5] The Tenth Circuit, however, has stated "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[6] In the District of Kansas, courts have examined five factors when weighing the parties' competing interests to determine whether a stay is appropriate: "(1) plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to plaintiffs of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest."[7]

## III. Analysis

The Court set out its reasoning for staying this matter in its December 22, 2025 Memorandum and Order. The Court ultimately stated:

---

[2] *Landis v. N. Am. Co.*, 299 U.S. 248, 254.

[3] *Id.*

[4] *Id.* at 255.

[5] *See* Fed. R. Civ. P. 26(c). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chi. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).

[6] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)

[7] *Kramer v. Textron Aviation, Inc*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3 (D. Kan. Oct. 21, 2021).

> [R]esolution of the issues raised in the state court would significantly advance the course of this litigation. Given that this Court cannot know whether the default judgment—which Plaintiff is attempting to enforce in this action—will be vacated by the state court until the motion in state court is resolved, the Court finds it is appropriate to stay the proceedings pending the ruling on the motion to vacate.[8]

The Court now finds that during the pendency of the appeal of the state court judgment the same considerations that warranted the initial stay are still present. The relief requested in this action still depends upon a state court judgment whose validity is under direct appellate review. Proceeding now would require the parties and the Court to litigate the consequences of a judgment that may be altered by the proceedings in front of the Kansas Court of Appeals. The Court therefore exercises its discretion to continue the stay to avoid adjudicating enforcement of a judgment that remains subject to a pending appeal.[9]

Further, the Court does not find continuing the stay to be prejudicial to Plaintiff. Plaintiff argues continuing the stay would prejudice Plaintiff as it postpones collection on a judgment the state court has already refused to vacate. As set forth in the Court's prior Memorandum and Order, Plaintiff is, at least partially, responsible for the delay in any enforcement of the state court judgment. Plaintiff waited nearly a year after the default judgment was obtained to bring this action. A review of the publicly accessible docket shows that the appeal is actively progressing. Any delays in the proceeding of the appeal appear to be related to Plaintiff's own request to extend their briefing deadline and changes in counsel.

---

[8] Memorandum and Order, Dkt. 10, p. 5.

[9] *See Kittel v. First Union Mortg. Corp.*, 303 F.3d 1193, 1194 (10th Cir. 2002) ("As we cannot know whether the [state] court will vacate its default judgment, we believe it to be appropriate to stay further proceedings in this appeal pending the state court's ruling on the motion to vacate.").

Finally, the parties spend most of their briefing on the issue of whether Blue Nile properly obtained a stay of the state court action by supersedeas bond. Plaintiff argues Kansas law requires a supersedeas bond to stay enforcement of a judgment, and because Defendant identifies no supersedeas bond, there is no state court stay. Defendant argues the parties in the state court action had agreed to a bond amount and stay of the related state court collection proceedings, and Plaintiff's argument is disingenuous. On September 15, 2026, a Notice of Supersedeas Bond on Money Judgement was filed in the state court action.[10] Further, whether the state court stayed enforcement of the judgment pending appeal has no bearing on this Court's analysis of whether a stay is appropriate in *this* action, and the issues regarding the supersedeas bond are moot.

For the reasons stated above, the Court finds continuing the stay of discovery and pretrial proceedings is appropriate. The parties are to file a joint status report regarding the status of the appeal of the state court judgment within fourteen (14) days of the Kansas Court of Appeals issuing a decision, but in no event later than **December 18, 2026**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Lift Stay and for Deadline to Respond to Complaint (Dkt. 19) is DENIED. This matter remains stayed pending the appeal of the state court judgment.

**IT IS FURTHER ORDERED** that the parties must file a joint status report within fourteen (14) days of the Kansas Court of Appeals issuing a decision, but in no event later than **December 18, 2026**.

**IT IS SO ORDERED**.

---

[10] *Manuel Nevarrez v. Blue Nile Enterprises, LLC*, Case No. MN-2024-CV-4 (Marion County, Kansas), Dkt. 48.

Dated September 22, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge